# <u>EXHIBIT A</u>

# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
### PALM BEACH COUNTY

**CASE NUMBER: 50-2021-CA-007701-XXXX-MB**
**CASE STYLE: LEROY DESIR, MARIE CARMEL V GENESIS ELDERCARE REHABILITATION SERVICES LLC**

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees | Court Events |

To view a document, click on the document icon 🗎 in the left column.

Documents with a lock icon 🔒 are viewable on request (VOR) to protect confidential information. Click on the lock icon 🔒 to request the document. VOR documents are reviewed and then generally become available online within three business days of request.

A clock icon 🕐 means a VOR document is 'In Process' and being reviewed. Click on the clock icon 🕐 to request email notification when the document becomes available online.

Public = 🗎    VOR = 🔒    In Process = 🕐    Page Size: 25 ▾

| | Docket Number ▲ | Effective Date | Description | Notes |
|---|---|---|---|---|
| | 1 | 06/23/2021 | DIVISION ASSIGNMENT | AB: Circuit Civil Central - AB (Civil) |
| 🗎 | 2 | 06/22/2021 | CIVIL COVER SHEET | |
| 🗎 | 3 | 06/22/2021 | COMPLAINT | F/B PLT |
| 🗎 | 4 | 06/22/2021 | SUMMONS ISSUED | cscott@scottwagnerlaw.com;ashley@scottwagnerlaw.com AS TO GENESIS ELDERCARE REHABILITATION SERVICES LLC EFILED |
| 🗎 | 5 | 06/23/2021 | PAID $411.00 ON RECEIPT 4076510 | $411.00 4076510 Fully Paid |
| 🗎 | 6 | 06/28/2021 | SERVICE RETURNED (NUMBERED) | RETURN OF SERVICE SERVED GENESIS ELDERCARE REHABILITATION SERVICES, LLC - 06/24/2021 |
| 🗎 | 7 | 07/14/2021 | MOTION FOR EXTENSION OF TIME | TO FILE RESPONSE TO PLTS COMPLAINT F/B DFT |
| 🗎 | 8 | 07/14/2021 | ORDER GRANTING J KEYSER DTD 7/14/2021 DFTS UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLTFS COMPLAINT. DFT SHALL FILE A RESPONSE TO PLTFS COMPLAINT BY 8/13/2021. | J KEYSER DTD 7/14/2021 DFTS UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLTFS COMPLAINT. DFT SHALL FILE A RESPONSE TO PLTFS COMPLAINT BY 8/13/2021. |

Filing # 129221668 E-Filed 06/22/2021 10:27:17 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Marie Carmel Leroy Desir</u>
Plaintiff                                                                  Case # _____
                                                                           Judge _____

vs.

<u>Genesis Eldercare Rehabilitation Services LLC</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.     TYPE OF CASE**        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☑ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

  **IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

  **V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   4

  **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

  **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

  **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Cathleen Scott            Fla. Bar # 135531
         Attorney or party               (Bar # if attorney)

Cathleen Scott            06/22/2021
  (type or print name)          Date

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

MARIE CARMEL LEROY-DESIR,

     Plaintiff,

v.

GENESIS ELDERCARE REHABILITATION
SERVICES, LLC, a foreign limited liability
company,

     Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARIE CARMEL LEROY-DESIR (hereinafter referred to as "Leroy-Desir" or "Plaintiff"), by and through her undersigned counsel, and hereby files this lawsuit against Defendant, GENESIS ELDERCARE REHABILITATION SERVICES, LLC, a foreign limited liability company, and as grounds therefore alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $30,000, exclusive of interest, costs, and attorney's fees.

2.    Plaintiff brings claims arising under Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §760.01, et. seq. and the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*., (Title VII) for discrimination and retaliation.

3.    Jurisdiction is proper in this court pursuant to the Florida Civil Rights Act.

4.    At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, and is otherwise sui juris.

5.      Defendant, GENESIS ELDERCARE REHABILITATION SERVICES, LLC (hereinafter referred to as "Genesis" or "Defendant"), has a principal place of business located at 101 East State Street, Kennett Square, Pennsylvania 19348.

6.      Defendant maintains a location at 6061 Palmetto Circle North, Boca Raton, Florida 33433 which is where Plaintiff worked.

7.      At all times material hereto, Defendant engaged in doing business in the state of Florida, including Palm Beach County.

8.      Venue is proper because Defendant does business in Palm Beach County, and the events giving rise to this cause of action occurred in Palm Beach County.

9.      At all times material hereto, Plaintiff was employed with the Defendant in Palm Beach County.

## EXHAUSTION OF REMEDIES

10.      Prior to initiating this Complaint, on October 9, 2018, Plaintiff filed a charge of discrimination with both the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). (**See true and correct copy of said Charge attached hereto as Composite Exhibit 1**).

11.      More than one-hundred and eighty days have passed since Plaintiff filed her charge with the FCHR.

12.      The EEOC issued its Right to Sue on March 26, 2021. This lawsuit is being filed within 90 days of said date. (**See true and correct copy of said Right to Sue Notice attached hereto as Exhibit 2**).

## COMMON ALLEGATIONS

13.      Plaintiff is a Black female.

14.     Plaintiff was employed with defendant from on or around November 20, 2017, up to and including her termination on June 5, 2018.

15.     During her employment Plaintiff received accolades, awards, and recognition for stellar performance.

16.     The Plaintiff holds a National Board Certification in Occupational Therapy (NBCOT), a Master's Degree of Education in Occupational Therapy from Springfield College, MA, and a Bachelor's Degree of Science in Health Science from Hunter College, CUNY, NY.

17.     During her employment Plaintiff held the position of Director of Rehabilitation [DOR]. She first held the DOR position at the Consulate in West Palm Beach.

18.     On April 2, 2018, Defendant transferred Plaintiff to be the DOR at the Veranda Club.

19.     The Veranda Club is an independent and assisted living facilities managed by Genesis.

20.     The Defendant, Genesis was contracted to provide home health rehabilitation services for Comprehensive Home Health agency from within the Veranda Club building. Defendant was to provide residents/ patients on an outpatient basis the rehabilitation services they needed.

21.     When Plaintiff was transferred to the Veranda Club, she inherited a rehab center in a state of severe disrepair unsuitable for patients. There was a lot of dirt, trash, broken-down shelves and old equipment left behind by the former rehab tenants.

22.     Plaintiff was required by her new supervisor Christine Maale to clean up the place and get it ready for patients. Plaintiff had to work well outside her job descriptions and contends that Ms. Maale's requests to have her be the cleanup person was racially motivated and the product

of racial stereotyping. Other DORs were not required to complete such physical, laborious clean up tasks.

23. Plaintiff had to set up the facility from scratch with very minimal help from the only full-time assistant, who was often sent to work at other sites, at the direction of Ms. Maale.

24. As such, Plaintiff was also forced to complete administrative duties along with lifting, pushing, and setting up objects over seventy-five pounds (e.g., parallel bar platform). Similarly situated white employees had assistants for these tasks. She was denied the ability to hire a handy man and often had to use her own tools and on occasion the assistance of her husband to ready the location.

25.    At the Veranda Club Plaintiff was subjected to discrimination on the basis of her race / national origin. Ms. Maale treated differently as compared to other similarly situated, non-black employees in other locations. Examples includes:

      a.  Ms. Maale insisted Plaintiff perform duties outside the scope of her position.

      b.  Even after Veranda Club was opened Ms. Maale required Plaintiff to perform janitorial duties (e.g., heavy cleaning, scrubbing of old dirty carpet, floor, etc.); handyman-type duties (e.g., restoring broken baseboards all around the room, restoring dirty walls, fixing holes on the wall, painting and building of all shelves around the rehab room, etc.); and dealing with anything and everything left behind by former tenants.

      c.  Ms. Maale denied Plaintiff requests for an assistant and for assistance.

      d.  Despite high patient satisfaction, Ms. Maale frequently second-guessed Plaintiff's decisions and undermined her ability to run the facility;

      e.    Ms. Maale denied Plaintiff full access to the billing system and an issue arose. A nearby DOR assisted Plaintiff and noticed the open hostility from Ms. Maale.

f.  Ms. Maale would criticize Plaintiff and on one occasion copied her subordinate employee.

26. In addition to the above examples and unlike how other similarly situated employees were treated, Defendant engaged in the following additional adverse employment actions against Plaintiff:

a.  Defendant deprived Plaintiff of adequate and necessary resources, including basic supplies for rehabilitation, supplies for administrative daily use, refusal of adequate permanent staffing even when caseloads were quickly growing.

b.  Defendant, including Ms. Maale, purposefully failed to grant Plaintiff manager profile access, to complete billing reports in a timely manner.

c.  Defendant refused to provide Plaintiff with a rehabilitation technician for overloaded phone calls from residents and family members.

d.  Defendant failed to provide Plaintiff with formal training in preparation for what was expected of her.

e.  Defendant failed to pay her accrued time off / vacation pay.

f.  Defendant paid her less than the prior DOR.

g.  Defendant denied her pay raise.

27. Plaintiff was a single employee performing multiple roles during her tenure with Defendant without the assistance of a support staff or support from management.

28. Plaintiff was set up for failure.

29. Plaintiff was subjected to racial discriminatory comments during her employment. She was asked if she was "from Haiti" and then told "she must know what it is like to have it rough." The Executive Director's comments assumed, wrongfully that Plaintiff, who was from

Haiti had been raised poor and had a rough experience.

30. The majority of the custodial staff at Veranda Club is Haitian.

31. She witnessed the executive director at Veranda Club saying to a black pregnant employee "please don't bring me any more babies"

32. The Defendant has a history of racially profiling and stereotyping its employees by placing Black and Brown employees in depressed facilities with the most challenging population with little or less resources to run the facility.

33. Plaintiff contends her placement as DOR of the Veranda Club was racially motivated.

34. On or around June 5, 2018, the Plaintiff received a call, from Ms. Maale, telling her she was "not a good fit" for the facility and she was terminated.

35. Soon thereafter she received a letter telling her that her position "was eliminated" and that "every effort" was made by Genesis to find her a new position.

36. Defendant has misstated the reason for termination. Plaintiff's position was not eliminated. In fact, the day after her termination on June 6, 2018, Plaintiff learned Defendant replaced her at the Veranda Club with a white male who lacked the experience and knowledge that she possessed.

37. Ms. Maale also provided the new white male DOR with support including introduction, training and efforts to hire him a floating therapist to support him. As stated, Ms. Maale denied Plaintiff's similar requests.

38. In comparison, Ms. Maale spent a significant amount of time with new DOR when while at the Veranda Club, Plaintiff was visited only 2 times by Ms. Maale and that was to bring her cleaning supplies. The only "training" Plaintiff received was instruction on how to scrub the

sink better. Ms. Maale even missed the grand opening event for the facility.

39. Plaintiff contends Defendant engaged in discriminatory practices as outlined above including defendant's wrongful termination of her employment.

40. Prior to her termination Plaintiff reached out to Nancy Roberts, the Regional Vice President to make a formal complaint of discrimination. Thereafter, she was terminated and then received the position elimination letter.

<div align="center">

**COUNT I**
**DISCRIMINATION UNDER**
**FLORIDA STATUTE § 760.01, et. seq.**
**FLORIDA CIVIL RIGHTS ACT**

</div>

41. Plaintiff incorporates by reference allegations 1-40 of this Complaint as if set forth fully herein.

42. Plaintiff contends that she has been discriminated against on the basis of her race /national origin.

43. Plaintiff is a Black female.

44. Plaintiff contends Defendant engaged in discriminatory conduct on the basis of her race / national origin.

45. Defendant is an employer as defined in the FCRA, Fla. Stat. § 760.01(7).

46. Defendant employs fifteen (15) or more employees for each working day as part of its daily operation.

47. Plaintiff contends that the Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment of Blacks and individual of color.

48.     During Plaintiff's employment, she experienced discrimination and adverse actions due to her race/national origin including:

   a. Being racially stereotyped and chosen for depressed locations;

<div align="center">

Scott Wagner & Associates, P.A.
Complaint
Page 7 of 17

</div>

b. Being paid less for comparable work;

c. Being denied support including administrative support, managerial support, and facilities support;

d. Being denied access to medical billing;

e. Being treated in a hostile and dismissive manner by Ms. Maale;

f. Being set up to fail by Ms. Maale;

g. Being terminated on the basis of race / national origin;

h. Being denied an alternative placement;

i. Be subject to racial comments; and

j. Being denied the privileges and benefits of employment as compared to other similarly situated employees.

49.     Plaintiff contends that Defendant failed to follow its policies preventing discrimination.

50.     As a result of the disparate treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

51.     Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than other similarly-situated employees by Defendant and its agents, employees and/or representatives.

52.     By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing discriminatory treatment on the basis of race / national origin in violation of the FCRA.

53.     Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which

are not yet fully known.  At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

54.    Plaintiff suffered disparate treatment including but not limited to termination.

55.    Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

56.    As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

57.    Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

58.    Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the FCRA.

59.    As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as her counsel.

60.    Plaintiff requests that she be awarded reasonable attorney's fees and costs of suit pursuant to Florida Statute §760.11(5).

61.    Plaintiff has exhausted her administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and more than one-hundred and eighty days have transpired.  (See Exhibit 1).

62.    Plaintiff suffered injury and seeks damages for her general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

<div align="center">

**COUNT II**
**RETALIATION**
**IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, §760**

</div>

63.      Plaintiff incorporates by reference allegations 1-40 of this Complaint as if set forth fully herein.

64.      Plaintiff engaged in protected activities in that she objected to her racially motivated treatment and complained about discrimination during her employment.

65.      Following Plaintiff's objections and complaints (aka protected activities) Plaintiff was told she was not a good fit and was terminated.

66.      Plaintiff contends that her complaints and objections to discrimination constitute protected activities under the Florida Civil Rights Act, Florida Statute §760.

67.      Plaintiff contends that she was subjected to such adverse employment treatment including but not limited to her termination and failure to be repositioned as a result of and in retaliation for engaging in her complaints.

68.      Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit. *See* Exhibit 1.

69.      Plaintiff contends that her complaints are causally related to the disciplinary actions.

70.      By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation of the Florida Civil Rights Act, Florida Statute §760.

71.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other retaliatory practices against her which are not yet fully known.   At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

72.     Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

73.     Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

74.     As a further and direct proximate result of the Defendant's violation of the Florida Civil Rights Act, Florida Statute §760, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

75.     Plaintiff also seeks punitive damages for the Defendant's conduct in reckless disregard of her rights.

76.     As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that her attorney's fees be awarded pursuant to Fla. Statute §760.11.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest, punitive damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to the FCRA; and that Plaintiff be awarded such other relief as the Court deems just and proper.

<div align="center">

**COUNT III**
**DISCRIMINATION**
**IN VIOLATION OF 42 U.S.C. §2000e**
**TITLE VII**

</div>

77. Plaintiff incorporates by reference allegations 1-40 of this Complaint as if set forth fully herein.

78. Plaintiff contends that she has been discriminated against on the basis of her race / national origin.

79. Plaintiff is a Black female.

80. Plaintiff contends Defendant engaged in discriminatory conduct on the basis of her race / national origin.

81. Defendant is an employer as defined in the Title VII.

82. Defendant employs fifteen (15) or more employees for each working day as part of its daily operation.

83. Plaintiff contends that the Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment of Blacks and individual of color.

84.     During Plaintiff's employment she experienced discrimination and adverse actions due to her race / national origin including:

   a. Being racially stereotyped and chosen for depressed locations;

   b. Being paid less for comparable work;

<div align="center">

Scott Wagner & Associates, P.A.
Complaint
Page **12** of **17**

</div>

c. Being denied support including administrative support, managerial support, and facilities support;

d. Being denied access to medical billing;

e. Being treated in a hostile and dismissive manner by Ms. Maale;

f. Being set up to fail by Ms. Maale;

g. Being terminated on the basis of race / national origin;

h. Being denied an alternative placement;

i. Be subject to racial comments; and

j. Being denied the privileges and benefits of employment as compared to other similarly situated employees.

85.    Plaintiff contends that Defendant failed to follow its policies preventing discrimination.

86.    As a result of the disparate treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

87.    Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than other similarly-situated employees by Defendant and its agents, employees and/or representatives.

88.    By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing discriminatory treatment on the basis of race / national origin in violation of the Title VII.

89.    Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known. At such time as the discriminatory practices become known, Plaintiff will

seek leave of court to amend the Complaint in this regard.

90.     Plaintiff suffered disparate treatment including but not limited to termination.

91.     Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

92.     As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

93.     Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

94.     Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the Title VII.

95.     As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as her counsel.

96.     Plaintiff requests that she be awarded reasonable attorney's fees and costs of suit pursuant to Title VII.

97.     Plaintiff has exhausted her administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and filed this action within 90 days of the right to sue notice.  (See Exhibit 2).

98.     Plaintiff suffered injury and seeks damages for her general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the Title VII and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the Title VII and, that Plaintiff be awarded such other relief as the Court deems just and proper

<div align="center">

**COUNT IV**
**RETALIATION**
**IN VIOLATION OF TITLE VII**

</div>

99.      Plaintiff incorporates by reference allegations 1-40 of this Complaint as if set forth fully herein.

100.    Plaintiff engaged in protected activities in that she objected to her racially motivated treatment and complained about discrimination during her employment.

101.    Following Plaintiff's objections and complaints (aka protected activities) Plaintiff was told she was not a good fit and terminated.

102.    Plaintiff contends that her complaints and objections to discrimination constitute protected activities under Title VII.

103.    Plaintiff contends that she was subjected to such adverse employment treatment including but not limited to her termination and failure to be repositioned as a result of and in retaliation for engaging in her complaints.

104.    Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit. *See* Exhibit 1.

105.    Plaintiff contends that her complaints are causally related to the disciplinary actions.

106.    By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation Title VII.

<div align="center">

Scott Wagner & Associates, P.A.
Complaint
Page **15** of **17**

</div>

107.   Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other retaliatory practices against her which are not yet fully known.  At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

108.   Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

109.   Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

110.   As a further and direct proximate result of the Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

111.   Plaintiff also seeks punitive damages for the Defendant's conduct in reckless disregard of her rights.

112.   As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that her attorney's fees be awarded pursuant to Title VII.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest,

punitive damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to the Title VII; and that Plaintiff be awarded such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff further demands a trial by jury for all matters so triable.

Dated this 22nd day of June 2021.

<div style="margin-left:40%">

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

</div>

# EXHIBIT 1

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| X | FEPA | |
| X | EEOC | 510-2019-00171 |

Florida Commission on Human Relations

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Marie Leroy-Desir | c/o (561)653-0008 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| c/o 250 South Central Blvd., Suite 104-A   Jupiter, FL 33458 | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Genesis Healthcare | 15+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 6061 Palmetto Circle N | Boca Raton, FL 33433 | Palm Beach |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Genesis Healthcare | 610-444-6350 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 East State Street | Kennett Square, PA 19348 | Chester |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | EARLIEST (ADEA/EPA)    LATEST (ALL) |

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] AGE

April 2, 2018 – June 8, 2018

[ ] RETALIATION   [ ] NATIONAL ORIGIN   [ ] DISABILITY   [ ] OTHER (Specify)

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Discrimination Statement — I contend that I have been discriminated against on the basis of my race. I am Black. I believe the company violated the Civil Rights Act of 1964, Title VII, and Florida Statute 760.

II. Charge Statement — I bring this charge on my behalf and all others similarly situated. There is a policy and practice at Genesis of treating individuals of color in a disparate manner as it relates to job assignments, locations and pay. I was told I was "not a good fit" for working in a Boca Raton facility that was predominately white residents. Other employees have experienced similar racial treatment.

Received

OCT 09 2018

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)  EEOC Miami District Office |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | ILDEMARO R MONTEJO<br>Notary Public - State of Florida<br>Commission # FF 930858<br>My Comm. Expires Jul 18, 2018 |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS, 2018<br>DATE<br>(Day, month, and year) |
| Date 10/08/2018   Charging Party (Signature) | |

EEOC FORM 5 (Test 10/94)

# EXHIBIT 2

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Marie Leroy-Desir**
**c/o 250 S. Central Blvd.**
**Suite 104-A**
**Jupiter, FL 33458**

From: **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-00171** | **Jeanette P. Wooten,** Investigator | **(786) 648-5798** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Christopher Bashaw*                    3/26/2021

Enclosures(s)

FOR **Paul V. Valenti,**
**District Director**

*(Date Issued)*

cc: **Genesis Healthcare**
**c/o Susan Campbell**
**Employment Paralegal**
**27442 Portola Parkway**
**Suite 200**
**Foothill Ranch, CA 92610**

**Charging Party Representative**
**Amanda Carbone, Esq.**
**Scott Wagner And Associates**
**250 S Central Blvd, Suite 104a**
**Jupiter, FL 33458**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Filing # 129221668 E-Filed 06/22/2021 10:27:17 AM

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

MARIE CARMEL LEROY-DESIR,

      Plaintiff,

v.                                                           **SUMMONS**

GENESIS ELDERCARE REHABILITATION
SERVICES, LLC, a foreign limited liability
company,

      Defendant.

_____/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition, in this action on:

      **GENESIS ELDERCARE REHABILITATION SERVICES, LLC**
      **C/O REGISTERED AGENT: CORPORATION SERVICE COMPANY**
      **1201 HAYS STREET**
      **TALLAHASSEE, FL 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on:

Cathleen Scott, Esq.
Plaintiff's attorney, whose address is:
Scott Wagner & Associates, P.A.
Jupiter Gardens
250 South Central Boulevard, Suite 104-A
Jupiter, Florida 33458
Tele : (561) 653-0008
Fax : (561) 653-0020
cscott@scottwagneralaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's

attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

If you choose to file a written response yourself, at the same time you file your written response to the Court located at: **Palm Beach County Courthouse,** Clerk of Courts, 205 N. Dixie Hwy, West Palm Beach, FL 33401, and you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's Attorney: **Cathleen Scott, Esq., 250 S. Central Blvd, Ste 104, Jupiter, Florida 33458 (561) 653-0008.**

Jun 23 2021

WITNESS my hand and the Seal of said Court this _____ day of _____, 2021.



JOSEPH ABRUZZO
As Clerk of said Court

BY : _*Blake Smith*_

As Deputy Clerk

BLAKE SMITH

**IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA)** DISABLED PERSONS WHO, BECAUSE OF THEIR DISABILITIES, NEED SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ADA COORDINATOR, IN THE ADMINISTRATIVE OFFICE OF THE COURT, PALM BEACH COUNTY COURTHOUSE, 205 N. DIXIE HWY, ROOM 5.2500, WEST PALM BEACH, FLORIDA 33401, (561) 355-4380, OR TELEPHONE VOICE/TDD 1-800-9558770 NO LATER THAN FIVE BUSINESS DAYS.

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____ /

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**.  ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

_____
**Administrative Circuit Judge**



**JOSEPH ABRUZZO**

# RECEIPT
4076510

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
06/23/2021 08:07
Page 1 of 1

| Receipt Number: 4076510 - Date 06/23/2021  Time 8:07AM | | | | |
|---|---|---|---|---|
| **Received of:** | Stephanie Houska 250 S Central Blvd Ste 104 Jupiter, FL 33458 | | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | | 411.00 |
| **Receipt ID:** | 10406391 | **Remaining Balance:** | | 0.00 |
| **Division:** | AB: Circuit Civil Central - AB(Civil) | | | |

| Case# 50-2021-CA-007701-XXXX-MB -- PLAINTIFF/PETITIONER: LEROY DESIR, MARIE CARMEL | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 31656324 | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



Filing # 129221668 E-Filed 06/22/2021 10:27:17 AM

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50 2021CA 007701xxxx
mBAB

MARIE CARMEL LEROY-DESIR,

    Plaintiff,

v.                                                    **SUMMONS**

GENESIS ELDERCARE REHABILITATION
SERVICES, LLC, a foreign limited liability
company,

    Defendant.

_____/

Eric Larson
Cert. Process Server #063
2nd Judicial Circuit

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition, in this action on:

**GENESIS ELDERCARE REHABILITATION SERVICES, LLC**
**C/O REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on:

Cathleen Scott, Esq.
Plaintiff's attorney, whose address is:
Scott Wagner & Associates, P.A.
Jupiter Gardens
250 South Central Boulevard, Suite 104-A
Jupiter, Florida 33458
Tele : (561) 653-0008
Fax : (561) 653-0020
cscott@scottwagneralaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's

Scott Wagner & Associates, P.A.
Summons
Page 1 of 2

attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

If you choose to file a written response yourself, at the same time you file your written response to the Court located at: **Palm Beach County Courthouse,** Clerk of Courts, 205 N. Dixie Hwy, West Palm Beach, FL 33401, and you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's Attorney: **Cathleen Scott, Esq., 250 S. Central Blvd, Ste 104, Jupiter, Florida 33458 (561) 653-0008.**

Jun 23 2021

WITNESS my hand and the Seal of said Court this ____ day of _____, 2021.

JOSEPH ABRUZZO
As Clerk of said Court

BY : *Blake Smith*

As Deputy Clerk

BLAKE SMITH

**IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA)** DISABLED PERSONS WHO, BECAUSE OF THEIR DISABILITIES, NEED SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ADA COORDINATOR, IN THE ADMINISTRATIVE OFFICE OF THE COURT, PALM BEACH COUNTY COURTHOUSE, 205 N. DIXIE HWY, ROOM 5.2500, WEST PALM BEACH, FLORIDA 33401, (561) 355-4380, OR TELEPHONE VOICE/TDD 1-800-9558770 NO LATER THAN FIVE BUSINESS DAYS.

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

      3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**MARIE CARMEL LEROY-DESIR**

    **Plaintiff,**

**v.**                                           **CASE NO.: 2021-CA-007701**

**GENESIS ELDERCARE REHABILITATION
SERVICES, LLC. a foreign limited liability
company,**

    **Defendant.**

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF
TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendant, GENESIS ELDERCARE REHABILITATION SERVICES, LLC ("Defendant"), by and through undersigned counsel, moves unopposed for an extension of time, up to and including, August 13, 2021, within which to respond to Plaintiff's Complaint. As grounds therefore, Defendant states as follows:

1.      On or around June 22, 2021, Plaintiff filed a Complaint against Defendant, alleging race/national origin discrimination and retaliation in violation of the Florida Civil Rights Act of 1992 and 42 U.S.C. §2000e (the "Complaint").

2.      The Complaint was served upon Defendant's registered agent on June 24, 2021 via process service.

3.      Defendant's response to the Complaint is currently due by July 14, 2021.

4.      Defendant respectfully requests a thirty-day extension of time, up to and including, August 13, 2021, within which to investigate the allegations contained therein and respond to the Complaint.

1

5.      This extension of time is not sought for purposes of delay, and no party will be prejudiced by the granting of this brief extension of time.

6.      The undersigned conferred in good faith with counsel for Plaintiff, who does not oppose the relief requested herein.

**WHEREFORE**, based upon the foregoing grounds, Defendant respectfully moves this Court for an Order, extending the deadline for Defendant to file its response to the Complaint to August 13, 2021.

Dated: July 14, 2021.                    Respectfully submitted,

*/s/ Karen M. Morinelli*
Karen M. Morinelli
Florida Bar No.: 818275
Sara G. Sanfilippo
Florida Bar No.: 113399
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530
Email: karen.morinelli@ogletree.com
Email: sara.sanfilippo@ogletree.com
Secondary:     lennon.graves@ogletree.com
                    TAMDocketing@ogletree.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 14, 2021, I filed the foregoing with the Court using the Florida Courts E-Filing Portal, which will send an electronic copy to all counsel of record.

*/s/ Karen Morinelli*
Attorney

47791845.1

2

**IN THE CIRCUIT COURT OF THE FIFTHEEN JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**MARIE CARMEL LEROY-DESIR**

      **Plaintiff,**

**v.**                               **CASE NO.: 2021-CA-007701**

**GENESIS ELDERCARE REHABILITATION
SERVICES, LLC. a foreign limited liability
company,**

      **Defendant.**
_____ /

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**

      THIS CAUSE came before the Court on Defendant's Unopposed Motion for Extension of Time to File Response to Plaintiff's Complaint. The Court has considered the Motion and being otherwise fully advised of the premises, it is ORDERED and ADJUDGED as follows:

  1. Defendant's Unopposed Motion for Extension of Time to File Response to Plaintiff's Complaint is GRANTED.

  2. Defendant shall file a response to Plaintiff's Complaint by August 13, 2021.

  DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida.

    -

50-2021-CA-007701-XXXX-MB   07/14/2021
Janis Brustares Keyser   Circuit Judge

50-2021-CA-007701-XXXX-MB   07/14/2021
Janis Brustares Keyser
Circuit Judge

_____
    THE HONORABLE JANIS KEYSER      Circuit Court Judge

Copies furnished upon:
Cathleen Scott, Esquire (cscott@scottwagnerlaw.com)
Karen M. Morinelli, Esquire (karen.morinelli@ogletree.com)
Sara G. Sanfilippo, Esquire (sara.sanfilippo@ogletree.com)

47791959.1